# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL AIR TRAFFIC CONTOLLERS ASSOCIATION, AFL-CIO ("NATCA")<br>1325 Massachusetts Avenue, NW<br>Washington, DC 20005<br><br>AMANDA FUCHS,<br>10215 Lenox Street<br>Clermont, FL 34711<br><br>KEVIN BIANCHI,<br>152 Comstock Drive<br>Milford, NH 03055<br><br>JONATHAN BARNETT,<br>467 Merlot Court<br>Walton, KY  41094<br><br>and<br><br>JOHN GARNER,<br>4684 Blackgum Court<br>Burlington, KY 41005<br><br>      Plaintiffs,<br><br>v.<br><br><br>THE UNITED STATES,<br><br>DONALD J. TRUMP, in his official capacity as President of the United States,<br>1600 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20006<br><br>DANIEL K. ELWELL, in his official capacity as the Acting Administrator of the Federal Aviation Administration, and the FEDERAL AVIATION ADMINISTRATION, | Civil Action No. _____ |

| | |
|---|---|
| 800 Independence Avenue, S.W.,<br>Washington, D.C. 20591 | )<br>)<br>) |
| MARGARET WEICHERT, in her official<br>capacity as Acting Director of the Office of<br>Personnel Management and Deputy<br>Director for Management at the Office of<br>Management and Budget, and the OFFICE<br>OF PERSONNEL MANAGEMENT,<br>1900 E Street, N.W., Washington, D.C.<br>20415 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| MICK MULVANEY, in his official<br>capacity as the Director of the Office of<br>Management and Budget, and the OFFICE<br>OF MANAGEMENT AND BUDGET,<br>725 17th Street, N.W.,<br>Washington, D.C. 20503 | )<br>)<br>)<br>)<br>)<br>) |
| DAVID BERNHARDT, in his official<br>capacity as the Acting Secretary of the<br>Department of the Interior, and the<br>DEPARTMENT OF THE INTERIOR,<br>1849 C Street, N.W.,<br>Washington, D.C. 20240 | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| Also Serve: | )<br>) |
| UNITED STATES ATTORNEY'S<br>OFFICE FOR THE DISTRICT OF<br>COLUMBIA<br>Attn: Civil Process Clerk<br>United States Attorney's Office<br>555 Fourth Street, N.W.<br>Washington, D.C. 20530<br>*-Via Certified Mail* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| UNITED STATES ATTORNEY<br>GENERAL<br>Tenth & Pennsylvania Avenues, N.W.<br>Washington, D.C. 20530<br>*-Via Certified Mail* | )<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiffs the National Air Traffic Controllers Association, AFL-CIO ("NATCA"), Amanda Fuchs, Kevin Bianchi, Jonathan Barnett, and John Garner, on behalf of themselves and those similarly situated, for their complaint against defendants, the United States, Donald J. Trump, in his official capacity as President of the United States, Daniel K. Elwell, in his official capacity as Acting Administrator of the Federal Aviation Administration, the Federal Aviation Administration, Margaret Weichert, in her official capacity as Acting Director of the Office of Personnel Management and Deputy Director for Management at the Office of Management and Budget, the Office of Personnel Management, Mick Mulvaney, in his official capacity as the Director of the Office of Management and Budget, and the Office of Management and Budget, David Bernhardt, in his official capacity as the Acting Secretary of the Department of the Interior, and the Department of the Interior, allege, by and through their attorneys, as follows:

**INTRODUCTION**

1. Every moment of every hour of every day, the skies of the United States are overseen by the hardworking employees of the United States Federal Aviation Administration ("FAA"). Plaintiffs in this case are Air Traffic Controllers, employed by the United States through the FAA to ensure the safe and expeditious flow of traffic – both in the air and on the ground – at our nation's airports and in its radar rooms. Each day, the FAA's Air Traffic Controllers are responsible for ensuring the safe routing of tens of thousands of flights, often working lengthy, grueling overtime shifts to do so. In fact, plaintiffs' job is so demanding and requires such rare skills that the FAA struggles to maintain a full complement of certified Air Traffic Controllers, even under normal circumstances.

2. On December 22, 2018, annual appropriations for the federal government suddenly lapsed, sending "non-excepted" government employees into furlough status once the appropriated funds were exhausted. "Excepted" employees, such as the plaintiffs here, have been forced to continue performing their duties – duties essential to the ongoing function of this country – without any pay whatsoever.[1]

3. This action seeks declaratory and injunctive relief to remedy the defendants' violation of plaintiffs' rights under the Fifth Amendment of the United States Constitution, by depriving them of their hard-earned compensation without the requisite due process. Additionally, this action seeks damages for the United States' failure to pay plaintiffs and those similarly situated employees at the FAA working in "excepted" status in accordance with the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

4. This action is brought for declaratory and other relief against the United States of America and its agents, arising from the Constitution and laws of the United States. This Court therefore has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346, 2201, 2202, and 5 U.S.C. § 702.

5. Venue lies within this district pursuant to 28 U.S.C. § 1391(e).

---

[1] *See* United States Office of Personnel Management, *Guidance for Shutdown Furloughs*, available at https://www.opm.gov/policy-data-oversight/pay-leave/furlough-guidance/guidance-for-shutdown-furloughs.pdf; United States Office of Management and Budget, *Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on December 22, 2018*, available at https://www.whitehouse.gov/wp-content/uploads/2018/12/Special-Instructions-for-a-Possible-December-22-Lapse.pdf.

**PARTIES**

6. Plaintiff NATCA is a National Labor Union representing bargaining unit employees employed by the U.S. Federal Aviation Administration ("FAA"), including air traffic controllers assigned to terminal and en route air traffic control facilities. NATCA also represents 14 other FAA bargaining units: Air Traffic Controllers assigned to flight service stations in Alaska, Engineering Procedures Office (AIR-110), Aircraft Certification Division (AIR), Airports Division (ARP), Automation Support Specialists (AOS), Aviation Technical Systems Specialists (ATSS), Drug Abatement Inspectors (DAI), Engineers and Architects (E&A), Finance and Management (AFN), Flight Procedures Team (FPT), Regional Counsel (AGC), Staff Support Specialists (SSS), Traffic Management Coordinators and Specialists (TMC/S), and U.S. NOTAM Specialists.  NATCA brings its Constitutional Claim pursuant to the Fifth Amendment of the U.S. Constitution on behalf of its members.

7. Plaintiffs Amanda Fuchs, Kevin Bianchi, Jonathan Barnett, and John Garner (collectively, "individual plaintiffs"), are and have at all material times been employed as Air Traffic Controllers by the United States, through the FAA. Plaintiffs have each given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such consents are appended to this Complaint as Exhibit A. Individual Plaintiffs bring this action as a collective action on behalf of themselves and all other similarly situated employees at the FAA who have worked and/or are working in "excepted" status without pay, in accordance with 29 U.S.C. § 216(b).

8. Defendant United States is the United States Federal Government ("the Government"). Defendant United States is an "employer" and "public agency" within the meaning of 29 U.S.C. §§ 203(d), (x).

9. Defendant Donald J. Trump is sued in his official capacity as the President of the United States of America. Defendant Trump is the head of the executive branch of the United States and is ultimately responsible for the lawful operation of executive branch agencies of the United States.

10. Defendant Daniel K. Elwell is sued in his official capacity as the Acting Administrator of the Federal Aviation Administration ("FAA").

11. Defendant FAA is an agency of the executive branch of the federal government. The FAA is located at 800 Independence Avenue, S.W., Washington, D.C. 20591. The FAA is responsible for ensuring the safe and efficient operation of the United States aerospace system.

12. Defendant Margaret Weichert is sued in her official capacity as Acting Director of the Office of Personnel Management ("OPM") and Deputy Director for Management at the Office of Management and Budget ("OMB").

13. Defendant OPM is an agency of the executive branch of the federal government. OPM is located at 1900 E Street, N.W., Washington, D.C. 20415. OPM's mission and authority are set forth in 5 U.S.C. §§ 1101-1105. OPM is responsible for setting policies and issuing directives governing personnel management by the federal government.

14. Defendant Mick Mulvaney is sued in his capacity as the Director of the OMB.

15. Defendant OMB is an agency of the executive branch of the federal government. OMB is located at 725 17th Street, N.W., Washington, D.C. 20503. OMB's mission and authority are set forth in 31 U.S.C. §§ 501-507. OMB is responsible for setting policies and issuing directives regarding federal expenditures, federal budget development and execution, and overseeing federal agencies' financial management.

16. Defendant David Bernhardt is sued in his official capacity as the Acting Secretary of the Department of the Interior ("DOI").

17. Defendant DOI is an agency of the executive branch of the federal government. DOI is located at 1849 C Street, N.W., Washington, D.C. 20240. The DOI is responsible for administering the FAA's payroll.

**FACTS**

18. Plaintiffs and other Air Traffic Controllers at the FAA form the backbone of the world's safest, most complex, and most efficient aerospace system. Air Traffic Controllers at the FAA share the primary job duties of monitoring and directing the movement of aircraft on the ground and in the air; controlling ground traffic in airport runways and taxiways; issuing landing and takeoff instructions to pilots; transferring control of departing flights and accepting control of arriving flights; informing pilots of critical information including weather and runway closures; and alerting airport response staff in the event of an aircraft emergency. *See* Bureau of Labor Statistics, U.S. Department of Labor, *Occupational Outlook Handbook,* "What Air Traffic Controllers Do," *available at* https://www.bls.gov/ooh/transportation-and-material-moving/air-traffic-controllers.htm#tab-2.

19. Normally, Air Traffic Controllers benefit from the support of a range of other FAA professionals. For example, staff support specialists who work at air traffic control facilities provide tactical, strategic, and administrative support. Aircraft certification engineers assist in design, production approvals, and airworthiness certification of aircraft and their components. Engineers design and construct critical infrastructure necessary for safe flight operations including air traffic control towers, radar maintenance and installation, navigational aids, and communications systems.

20. Air Traffic Controllers, along with the rest of the FAA team, work tirelessly to ensure the safety of the millions of air travelers that frequent our nation's airports each year. *See* Federal Aviation Administration, *Air Traffic By the Numbers*, available at https://www.faa.gov/air_traffic/by_the_numbers/media/Air_Traffic_by_the_Numbers_2018.pdf.

21. For that critically important work, plaintiffs and those similarly situated are paid following each biweekly pay period as set out in the Department of the Interior payroll schedule, available at https://www.doi.gov/ibc/resources/payroll-calendars. Plaintiffs and those similarly situated receive their pay by regularly scheduled direct deposit through their respective banks, made on a specified day following the end of each pay period.

*The Shutdown*

22. On December 20, 2018, it was announced that President Donald J. Trump would refuse to sign the bill necessary to continue paying the devoted aviation safety professionals of the FAA, among many hundreds of thousands of others.

23. Budget appropriation lapsed on December 22, 2018, beginning a partial government shutdown that continues through the present.

24. The FAA's appropriated funds were exhausted on December 24, 2018, and non-excepted personnel, including many of those referenced in Paragraph 19, were furloughed. Furloughed employees are neither paid nor permitted to volunteer to work.

25. Air Traffic Controllers and other personnel at the FAA who were designated as "excepted" employees were directed by defendants to continue working without pay. Plaintiffs, as well as those similarly situated FAA employees, have worked and/or continue to work in "excepted" status without pay at the direction and with the knowledge of the defendants.

26.    Individual Plaintiffs, and those similarly situated to them, are covered by the FLSA.  Plaintiffs' statutory right to on-time payment of overtime wages earned is governed by the FLSA.

27.    In addition to working their regular hours without pay, since December 22, 2018, and continuing, plaintiffs and those similarly situated to them have worked hours in excess of the overtime threshold without any payment for the overtime hours. For example, Plaintiff Amanda Fuchs worked, in addition to her regularly scheduled 40-hour work weeks, one additional overtime shift on December 20, 2018, but was not paid for the overtime.  In addition, Kevin Bianchi, worked 8 hours of overtime in addition to his regularly scheduled shift during the week of December 23, 2018 but was not paid overtime. Jonathan Barnett worked approximately one hour of overtime during the week of December 23, 2018 but was not paid overtime.

28.    Payment for this work has come due and owing but has not been made.

29.    For example, Plaintiff Jonathan Barnett banks through SkyOne and receives his direct deposit on the Friday following each pay period; his pay for work performed during the two work weeks from December 23, 2018, through January 5, 2018, should have been deposited January 11, 2019, but it was not. Plaintiffs Kevin Bianchi and Amanda Fuchs bank through Aspire Federal Credit Union and receive their direct deposit on the Friday following each pay period; their pay for work performed during the two work weeks from December 23, 2018, through January 5, 2018, should have been deposited January 11, 2019, but it was not. Plaintiff John Garner banks through Cinfed Credit Union and receives his direct deposits on the Friday following each pay period; his pay for work performed during the two work weeks from December 23, 2018, through January 5, 2018, should have been deposited January 11, 2019, but it was not.

30. Plaintiffs and those similarly situated have already worked two work weeks without compensation and will continue to work without compensation so until the government is reopened.

31. Defendants' unlawful failure to pay plaintiffs and those similarly situated has and continues to have a devastating effect on those devoted federal employees' lives.

32. For example, Plaintiff Amanda Fuchs is the single mother of two children, ages seventeen and eighteen. Plaintiff Fuchs also pays for part of her brother's medical care, who lives with her and has memory and mobility issues requiring assistance. Plaintiff Fuchs provides financial assistance for her eighteen-year-old child, who assists Plaintiff Fuchs' ailing mother and stepfather. Additionally, Plaintiff Fuchs needs weekly physical therapy for a pelvic condition in advance of surgery to take place in the coming months. Plaintiff Fuchs may not be able to afford the necessary physical therapy, which would prevent her from having the much-needed pelvic surgery. Prior to the shutdown, Plaintiff Fuchs took out loans against her retirement (Thrift Savings Plan). The repayment for those loans comes out of her biweekly paycheck and she will be unable to make loan repayments without a paycheck, which may ultimately lead to a penalty or could impact her ability to contribute to her 401K. To compound the hardship imposed on Plaintiff Fuchs by the Defendants' shutdown, Plaintiff has just learned that her grandmother passed away on the morning of January 8, 2019. Without pay, she and her family will be unable to afford travel to attend her grandmother's funeral.

33. Plaintiff Kevin Bianchi is subject to a court order garnishing his wages for mandatory alimony payments. If Plaintiff Bianchi misses those payments, he expects his ex-spouse may take him to court, endangering the security clearance he needs in his position as Air

Traffic Controller. Plaintiff Bianchi's very livelihood hangs in the balance as this shutdown continues.

34. Plaintiff Jonathan Barnett is the father of three young children, ages four, seven, and ten. He is the only financial provider for his family, as his wife is unable to work due to the needs of his four-year-old child who has a sensory development disorder and autism. His child requires several therapies a week, in addition to other medical care. Plaintiff Barnett's insurance does not cover all of his child's medical needs, and he is faced with several medical bills per week. Last year, Plaintiff Barnett sold his house and moved his family to a rental property. His current landlord wishes to reoccupy the rental home and Plaintiff Barnett fears that even one late rental payment will result in his eviction. He has savings to cover only one or two months of rent.

35. Plaintiff John Garner's wife is about to undergo serious surgery. Although Plaintiff Garner has medical insurance, he is concerned that the surgery will come at substantial uncovered cost, which he may not be able to pay.

36. Defendants' ongoing failure to compensate plaintiffs and those similarly situated for their diligent work protecting air travelers from harm violates plaintiffs' rights under the Fair Labor Standards Act and the Constitution of the United States and poses grave danger to the safety of the nation's skies.

## COUNT I

**VIOLATION OF PLAINTIFFS' FIFTH AMENDMENT RIGHT TO DUE PROCESS**
**(Individual Plaintiffs, and NATCA, on Behalf of Its Members)**

37. Plaintiffs hereby incorporate paragraphs 1 through 36 in their entirety and restate them herein.

38. Plaintiffs have a constitutionally protected property interest in being paid their salary at a rate admittedly effective during the period when the work was performed, under the Due Process Clause of the Fifth Amendment to the Constitution of the United States. *See Foley v. Carter,* 526 F. Supp. 977, 985 (D.D.C. 1981).

39. Since December 24, 2018, plaintiffs have and continue to perform their job duties as Air Traffic Controllers and in related positions for the FAA.

40. Plaintiffs were due to receive their bi-weekly paycheck on January 11, 2019, for work already performed, but that paycheck has not been issued. Thus, pay to plaintiffs at their salary rate is due and owing as of January 11, 2019, for work already performed.

41. Prior to depriving plaintiffs of their property (i.e., pay for work already performed), defendants failed to afford plaintiffs any procedure to challenge the deprivation or otherwise be heard on this issue.

42. Defendants have therefore violated plaintiffs Fifth Amendment due process rights. As a result of defendant's actions, plaintiffs have suffered and continue to suffer irreparable harm.

## COUNT II

**FAILURE TO PAY OVERTIME PURSUANT TO THE FLSA, 29 U.S.C. § 207(a)**
**(Individual Plaintiffs Against Defendant United States Only)**

43. Plaintiffs hereby incorporate paragraphs 1 through 42 in their entirety and restate them herein.

44. The FLSA guarantees on-time payment of overtime wages earned for all covered employees, like plaintiffs and those similarly situated here, on the employee's regularly scheduled payday. This obligation to pay overtime in a timely fashion persists during a lapse in appropriated funds. Defendant United States has failed to compensate plaintiffs and those

similarly situated, who are FLSA non-exempt, excepted employees, overtime wages earned for the time period of December 19, 2018, through the present and ongoing, on their regularly scheduled payday. The failure to issue timely payment for all hours suffered or permitted to work beyond the applicable forty-hour threshold violated the FLSA *per se*. *See* 29 U.S.C. § 207(a).

45.     Defendant has violated and continues to violate the provisions of the FLSA as alleged herein in an intentional, willful, and bad faith manner.

46.     As a result of Defendant United States' willful and purposeful violations of the FLSA, there have become due and owing to each of the plaintiffs, as well as those similarly situated, various amounts that have not yet been precisely determined. The employment and work records for each plaintiff are in the exclusive custody and control of Defendant United States and its public agencies and the plaintiffs are unable to state at this time the exact amounts owing to each of them. Defendant United States and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. § 211(c)), and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to plaintiffs and other employees similarly situated from which the amounts of Defendant United States' liability can be ascertained.

47.     Pursuant to 29 U.S.C. § 216(b), plaintiffs and those similarly situated are entitled to recover liquidated damages in an amount equal to their overtime back-pay damages for Defendant United States' failure to pay overtime compensation.

48.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), as well as other applicable laws and regulations.

## COUNT III

**FAILURE TO PAY MINIMUM WAGE PURSUANT TO THE FLSA, 29 U.S.C. § 206**
**(Individual Plaintiffs Against Defendant United States Only)**

49. Plaintiffs hereby incorporate paragraphs 1 through 48 in their entirety and restate them herein.

50. The FLSA requires that employees shall be paid not less than $7.25 an hour for all hours worked. *See* 29 U.S.C. § 206(a)(1). The FLSA further guarantees on-time payment of such minimum wages for all covered employees, like plaintiffs and those similarly situated here, on the employee's regularly scheduled payday. This obligation to pay overtime in a timely fashion persists during a lapse in appropriated funds. Defendant United States has failed to compensate plaintiffs and those similarly situated, who are FLSA non-exempt, excepted employees, minimum wage for work performed from December 23, 2018, through January 5, 2019, and ongoing, on their regularly scheduled payday. The failure to issue timely payment at the minimum wage rate for all hours worked violates the FLSA *per se*. *See* 29 U.S.C. § 207(a).

51. Defendant United States' FLSA violations for failing to timely pay a minimum wage is continuing in nature. Each regularly scheduled pay day that passes without the payment of a minimum wage to FLSA non-exempt, excepted employees of the FAA further violates the FLSA.

52. Defendant's violations of the FLSA as alleged herein have been done in an intentional, willful, and bad faith manner.

53. As a result of Defendant United States' willful and purposeful violations of the FLSA, there have become due and owing to each of the plaintiffs, as well as those similarly situated, various amounts that have not yet been precisely determined. The employment and work records for each plaintiff are in the exclusive custody and control of Defendant United

14

States and its public agencies and the plaintiffs are unable to state at this time the exact amounts owing to each of them. Defendant United States and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. § 211(c)), and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to plaintiffs and other employees similarly situated from which the amounts of Defendant United States' liability can be ascertained.

54. Pursuant to 29 U.S.C. § 216(b), plaintiffs and those similarly situated are entitled to recover liquidated damages in an amount equal to their back-pay damages for Defendant United States' failure to pay for all hours worked at or above the minimum wage.

55. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), as well as other applicable laws and regulations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter each of the following forms of relief:

a. Enter judgment declaring that the defendants' actions are in violation of the Fifth Amendment of the United States Constitution;

b. Enter a temporary restraint as well as preliminary and permanent injunction against the defendants' violation of the Fifth Amendment of the United States Constitution;

c. Enter judgment declaring that Defendant United States has willfully and wrongfully violated its statutory obligations, and deprived each of the plaintiffs of their rights;

d. Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

e. Award each plaintiff and member of the collective action monetary liquidated damages equal to any minimum wage and overtime compensation earned since December 22, 2018, as well as interest thereon;

f. Award plaintiffs their reasonable attorneys' fees to be paid by the Defendant United States, and the costs and disbursements of this action;

g. Award interest pursuant to the Back Pay Act, 5 U.S.C. § 5596 on the backpay ordered for defendants' violation of the Fifth Amendment;

h. Certify this FLSA collective action; and

i. Grant such other relief as may be just and proper.


Dated: January 11, 2019                                  Respectfully submitted,

/s/ *Molly A. Elkin*
Gregory K. McGillivary
(DC Bar No. 411029)
Molly A. Elkin
(DC Bar No. 450295)
Sarah M. Block
(DC Bar No. 1026577)
John W. Stewart
(DC Bar No. 1028836)
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
gkm@wmlaborlaw.com
mae@wmlaborlaw.com
smb@wmlaborlaw.com
jws@wmlaborlaw.com