# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JANETTE HARDY, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 19-cv-51 (RJL)<br>) |
| DONALD J. TRUMP, *in his official capacity as President of the United States, et al.*, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |
| NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION, ("NATCA"), *et al.*, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 19-cv-62 (RJL)<br>) |
| UNITED STATES OF AMERICA, *et al.*, | )<br>) |
| Defendants. | )<br>) |

## DEFENDANTS' MOTION TO RESCHEDULE HEARING

On January 11, 2019, Plaintiffs in the above-captioned cases sought expedited relief before this Court, which has scheduled a hearing for noon on Monday, January 14, 2019, regarding their motions for temporary restraining order and preliminary injunction. *See Hardy v. Trump*, No. 19-cv-51 (D.D.C.), Minute Order of Jan. 11, 2019; *NATCA v. United States*, No. 19-cv-62 (D.D.C.), Minute Order of Jan. 11, 2019.

Defendants recognize that the temporary lapse in appropriations has placed both furloughed and excepted federal employees in a difficult situation, and accordingly the United States does not object in this instance to a reasonable, expedited schedule to address Plaintiffs'

motions.  However, Defendants request that this hearing be briefly postponed for eight days—until Tuesday, January 22, 2019—which would allow Defendants adequate time to file written responses to Plaintiffs' motions within the timeframe contemplated by Local Civil Rule 65.1(c), *i.e.*, no later than Friday, January 18, 2019, with a hearing following shortly thereafter.  As explained more fully below, this postponement is amply justified because allowing Defendants time to respond to Plaintiffs' claims in writing will allow for a fuller exposition of the relevant legal issues while still providing Plaintiffs with accelerated disposition of their requests for interim relief, well within the 21-day timeframe contemplated by Local Civil Rule 65.1.  Accordingly, Defendants respectfully request this short postponement of the Court's hearing date.

**1.**  At the end of the day on December 21, 2018, the appropriations act that had been funding several Executive Branch agencies expired and therefore appropriations to those agencies lapsed.  In each of the above-captioned cases, Plaintiffs seek to challenge how various Executive Branch agencies have responded to the lapse in appropriations.  Accordingly, Plaintiffs have been aware of the lapse in appropriations since December 21, 2018, yet Plaintiffs did not file their motions for preliminary relief until three weeks later—on January 11, 2019.

Given that Plaintiffs had three weeks to prepare their motions for emergency relief, it is reasonable to provide the Government with at least seven days to respond to those motions.  Indeed, seven days is the default amount of time that the Local Rules provide for responding to a motion for a preliminary injunction.  *See* Local Civil Rule 65.1(c).  Under the Government's proposed schedule, then, the Government's opposition memoranda would both be due on January 18, 2019, and a hearing could then be scheduled for January 22, 2019 (the next available business day given that January 21 is a federal holiday).  This schedule would still provide Plaintiffs with accelerated disposition of their motions—*i.e.*, Plaintiffs would be heard on their

motions within 11 days of having filed them, well within the 21-day timeframe set forth in this Court's Local Rules. *See* Local Civil Rule 65.1(d). The Government's proposed schedule is thus a fair and reasonable schedule for both parties, particularly given the amount of time Plaintiffs had to research their claims and prepare their motions.

**2.** The Government's proposed schedule is also the most efficient way forward in these cases. Plaintiffs' motions for preliminary relief collectively raise a variety of issues involving the Appropriations Clause, the Fifth Amendment, the Thirteenth Amendment, the Fair Labor Standards Act, and the Anti-Deficiency Act. In *Hardy*, the Plaintiffs seek an injunction preventing the Government from requiring any federal employee—including air traffic controllers—to report for duty without pay during the lapse in appropriations. *See Hardy*, ECF No. 8, at 1. In contrast, the Plaintiffs in *NATCA* contend that air traffic controllers are "essential to the safety of the country," so they instead seek an order compelling disbursement of "the plaintiffs' pay for hours worked since the shutdown[.]" *NATCA*, ECF No. 2-1, at 14.

Given the Plaintiffs' numerous different (and sometimes conflicting) legal theories, and the different requests for relief in the two cases, Defendants respectfully submit that allowing Defendants to respond to Plaintiffs' motions in writing would be a more effective and efficient way to proceed in these cases. In particular, allowing Defendants to respond in writing—with a hearing shortly thereafter—would allow this Court to decide Plaintiffs' motions for preliminary injunction *sooner* than if the Court first provided for a round of litigation regarding Plaintiffs' requests for a temporary restraining order. Thus, allowing time for written briefing would further both the parties' and the Court's interests in deciding these cases efficiently and expeditiously.

**3.** Plaintiffs have not demonstrated any need for a hearing on January 14, as opposed to eight days later. Even apart from their three-week delay in filing suit, Plaintiffs' filings also fail

to justify any such urgency.  For example, with respect to the *Hardy* Plaintiffs, their claim of irreparable harm is their "*desire* to cease working without pay without jeopardizing their property interest in continued federal employment."  ECF No. 8-2 at 5 (emphasis added).  A mere desire is not irreparable harm, and nothing in the Plaintiffs' declarations suggests that a postponement of eight days would itself cause them any irreparable harm.

Similarly, the *NATCA* Plaintiffs' declarations also do not establish that postponing the hearing for a mere eight days would cause irreparable harm.  The *NATCA* Plaintiffs' claim of harm is pure economic injury, *see NATCA*, ECF No. 2-1 at 11-13, and it is well settled that interim economic injury is not irreparable harm, *see Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974).  If interim economic injury is not irreparable harm, then *a fortiori* a delay of eight days in hearing Plaintiffs' claims will not result in cognizable irreparable harm as a matter of law.

Still another factor affecting Plaintiffs' claims of harm—and counseling in favor of a short postponement—is the fact that the legislative landscape is currently in flux.  Both sets of Plaintiffs' claims rest, at least in part, on their assertion that "there is no guarantee that the plaintiffs will *ever* be paid for the work they have already performed and for which they are entitled to compensation."  *NATCA*, ECF No. 2-1 at 9; *see also Hardy*, ECF No. 8-2 at 14.  But those assertions are incorrect; excepted employees *are* accruing a legal entitlement to be paid for their work—as the *Hardy* Plaintiffs acknowledge, *see* ECF No. 8-2 at 14, and as the Office of Personnel Management and Office of Legal Counsel have acknowledged as well.[*]  Moreover, Plaintiffs' assertions are also

---

[*] *See* Office of Personnel Managment, *FACT SHEET: Pay and Benefits Information for Employees Affected by the Lapse in Appropriations* (Jan. 11, 2019) ("Excepted employees: You are entitled to be paid for hours worked, but you cannot receive pay until funding is provided."), *available at* https://www.opm.gov/policy-data-oversight/pay-leave/furlough-guidance/fact-sheet-pay-and-benefits-information-for-employees-affected-by-the-lapse-in-appropriations.pdf; *see also* Office of Legal Counsel, *Government Operations In the Event of a Lapse in Appropriations*, 1995 WL 17216091, at *5 (Aug. 16, 1995) (noting that the Anti-Deficiency Act "does not by itself authorize

contrary to legislation that is actively working its way through the political Branches. As of January 11, 2019, both the Senate and the House of Representatives have passed the Government Employee Fair Treatment Act of 2019, which would guarantee pay for all federal employees (both furloughed and excepted) after the lapse in appropriations is resolved. *See* 116 Cong. Rec. S133-34 (Jan. 10, 2019 daily digest) (containing text of Bill, passed in Senate by voice vote without objection); *see also* Final Vote Results for Roll Call 28, http://clerk.house.gov/evs/2019/roll028.xml (House passage of Bill by vote of 411-7). Thus, all that remains for this guarantee of payment to be enacted into law is the President's signature. Enactment of this legislation—which may well be imminent—would undermine both the merits of Plaintiffs' claims as well as their asserted harms.

Particularly when the legislative landscape is in flux, and given that Plaintiffs' claims are fundamentally seeking to insert this Court into a budgeting dispute between the political Branches, it is appropriate for this Court to provide for a more ordinary disposition of this matter as contemplated by Local Civil Rule 65 and afford a short delay by briefly postponing the hearing. *Cf. Nat'l Wildlife Fed'n v. United States*, 626 F.2d 917, 924 (D.C. Cir. 1980) ("We think such restraint is necessary where, as here, appellants ask us to intervene in wrangling over the federal budget and budget procedures."). Accordingly, Defendants respectfully request that they be provided until January 18, 2019, to file their opposition memoranda to Plaintiffs' motions, and that a hearing on Plaintiffs' motions then be scheduled on or after January 22, 2019 (given that January 21 is a federal holiday).

---

*paying* employees in emergency situations, but it does authorize entering into *obligations* to pay for such labor" (emphasis added)).

**4.** Pursuant to Local Civil Rule 7(m), counsel for Defendants contacted counsel for Plaintiffs in each of the two cases. In *Hardy*, counsel for Plaintiffs stated that they oppose Defendants' requested relief, but that Plaintiffs "would not oppose a 1-day continuance of the hearing, subject to the Court's availability." In *NATCA*, counsel for Plaintiffs stated that "the plaintiffs oppose the Government's request to continue the hearing beyond January 14, 2019."

Notwithstanding Plaintiffs' opposition, Defendants respectfully submit that good cause exists for a short, 8-day postponement of the hearing to allow Defendants adequate time to file written responses to Plaintiffs' motion, which will ensure that these cases unfold in an orderly, efficient, but still expeditious manner. A proposed order is attached.

Dated: January 12, 2019                    Respectfully submitted,

                                                     JOSEPH H. HUNT
                                                   Assistant Attorney General

                                                   JESSIE K. LIU
                                                   United States Attorney

                                                   CHRISTOPHER R. HALL
                                                   Assistant Branch Director

                                                   */s/ Daniel Schwei*
                                                   DANIEL SCHWEI
                                                   N.Y. Bar Member
                                                   */s/ Adam D. Kirschner*
                                                   ADAM D. KIRSCHNER
                                                   IL Bar No. 6286601
                                                   Senior Trial Counsel
                                                   United States Department of Justice
                                                   Civil Division, Federal Programs Branch
                                                   1100 L Street NW, Room 12024
                                                   Washington, DC 20530
                                                   Tel.:    (202) 305-8693
                                                             (202) 353-9265
                                                   Fax:    (202) 616-8460
                                                   E-mail:  daniel.s.schwei@usdoj.gov

adam.kirschner@usdoj.gov

<u>Mailing Address:</u>
Post Office Box 883
Washington, D.C. 20044

<u>Courier Address:</u>
1100 L Street NW, Room 12024
Washington, D.C. 20005

*Counsel for Defendants*